## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 15-cv-01933-REB-MEH

KENNETH FISH,

    Plaintiff,

v.

SMART PAYMENT PLAN, LLC,

    Defendant.

## ORDER GRANTING DISMISSAL

**Blackburn, J.**

This matter is before the court on plaintiff's **Notice of Dismissal With Prejudice** [#19],[1] filed December 18, 2015. Plaintiff previously informed the court that the parties had settled this case. (*See* **Notice of Settlement** [#16], filed October 27, 2015.) Defendant has not yet filed an answer or a motion for dispositive relief. Rule 41(a)(1) provides that, subject to conditions not applicable here, "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." **FED. R. CIV. P.** 41(a)(1)(A)(i).[2]

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] A plaintiff effectively may dismiss his claims without requesting the intervention of the court; mere notice of his intent voluntarily to dismiss becomes effective immediately on filing. *See* 9 C. Wright, A. Miller, M. Kane, R. Marcus, and A. Steinman, **Federal Practice & Procedure** § 2363 (3rd ed.); ***Janssen v. Harris***, 321 F.3d 998, 1000-01 (10th Cir. 2003); ***Bunner v. Koch***, 2009 WL 798539 at *1 (D. Colo. March 24, 2009). Indeed, the filing of the notice effectively divests the court of jurisdiction:

Having reviewed the motion and being advised of the premises, I find and conclude that the motion is well-taken and should be granted.  Because plaintiff indicates that the dismissal should be with prejudice, I will impose that condition as well. *See* **FED. R. CIV. P.** 41(a)(1)(B).

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff's **Notice of Dismissal With Prejudice** [#19], filed December 18, 201, is granted; and

2.  That this civil action is dismissed with prejudice.

Dated December 21, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

The [filing of a Rule 41(a)(1)(i) notice] itself closes the file.  There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.  This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.  There is not even a perfunctory order of court closing the file.  Its alpha and omega was the doing of the plaintiff alone.  The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought.  Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

*Janssen*, 321 F.3d at 1000 (citation and internal quotation marks omitted; alteration in *Janssen*).

2